IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MITCHELL DUNAHOO,<br><br>　　　Defendant. | CRIMINAL CASE NO.<br>1:18-cr-00454-WMR-LTW |

**REPORT AND RECOMMENDATION**

Mitchell Dunahoo ("Defendant") has been indicted by the grand jury for utilizing means of interstate commerce to harass and intimidate to cause substantial emotional distress to a person in violation of Title 18, United States Code, Section 2261A(2)(B), and making repeated telephone calls to harass a specific person receiving those communications in violation of Title 47, United States Code, Section 223(a)(1)(E). (Doc. 4). For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation.

**PROCEDURAL BACKGROUND**

On March 4, 2019, this Court held a hearing on the Government's Motion for a Mental Health Evaluation. (Doc. 21). During the hearing, the Court was informed of, *inter alia*, Defendant's belief that the FBI was monitoring his computer, and that the government was conspiring against him, monitoring his activities, and engaging in cyberterrorism. In support of his allegations, Defendant provided the Court with a

voluminous number of documents chronicling his previously filed lawsuits and allegations of government corruption which included his belief that "the government forced [him] awake and asleep multiple times using their government computer/technology." (Def.'s Ex. 1, at 1-43). The Court also heard recordings of disturbing telephone calls Defendant left on a government employee's voice mail. Thereafter, the Court granted the Government's Motion for a Mental Health Evaluation and ordered the Defendant to undergo an independent mental health evaluation to determine whether he is competent to stand trial and/or whether he is suffering from a mental disease or defect pursuant to 18 U.S.C. §§ 4241(a), 4241(b), and 4247(b). (Doc. 22).

In accordance with this Court's order, a forensic psychologist, Dr. Judith (Betsy) Campbell evaluated Defendant and issued a written report detailing her opinion of Defendant's competency. (Doc. 26-1, a filed under seal). Dr. Campbell opined in her evaluation and findings that Defendant <u>is</u> currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he **<u>is</u>** unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. 26-1, at 8) (emphasis original). Dr. Campbell concluded that Defendant **<u>is not</u>** currently competent to stand trial. (<u>Id.</u>) (emphasis original). The Government did not contest Dr. Campbell's opinion and recommendation.

## LEGAL STANDARD FOR JUDGING COMPETENCY

Title 18 U.S.C. § 4241 <u>et seq.</u> guides the assessment of competence for a defendant in federal criminal proceedings. Section 4241(d) provides that the Court shall find the defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a

preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (construing Section 4241's predecessor, 18 U.S.C. § 4244 (1958)).

## FACTS AND DISCUSSION

1. On March 22, 2019, Defendant was admitted to the Federal Medical Center ("FMC") in Lexington, Kentucky for a psychological assessment. (Doc. 26-1 at 1).

2. From March 22, 2019 through April 22, 2019, Defendant was examined by medical staff, observed regularly by correctional staff and other unit team members, and evaluated by Dr. Campbell. (Id.).

3. Prior to the interview, Dr. Campbell informed Defendant that she would be evaluating him to assist the Court with determining his competency to stand trial. (Id.).

4. Defendant was informed of the nature and purpose of evaluation, that the typical confidential relationship between psychologist and patient did not exist, that the evaluation was not confidential, and that a report would be prepared, submitted to the Court, and distributed to both the prosecuting and defense attorneys. (Id.).

5. Defendant acknowledged those issues and appeared to understand that the

evaluation and the subsequent report were not confidential. (Id.). As a result, the evaluation proceeded on that basis. (Id.).

6. Defendant was asked to complete a personal history questionnaire, however, he refused to answer questions about his parents, and he refused to provide the name of his high school or identify the college he attended, although he did state that he received a Bachelor's Degree in Business Administration in 1990. (Doc. 26-1, at 2- 3). The written responses Defendant provided, however, were quite thorough and reflected an adequate understanding of the criminal justice system, its participants, and the pending criminal charges against him. (Doc. 26-1, at 4). Defendant's verbal responses also reflected an adequate understanding of the same. (Id.). Defendant's responses were reviewed with him extensively. (Id.).

7. Defendant denied any significant medical history; he denied ever receiving any mental health treatment, or suffering from any symptoms of mental illness; and he denied any significant history of substance abuse, although he acknowledged one previous arrest for DUI in 2002. (Doc. 26-1, at 3).

8. According to Dr. Campbell, Defendant's mental condition remained stable over the course of the evaluation, and he displayed no bizarre behavior, aggression, or behavioral management problems during his stay at FMC. (Id.).

9. During routine interviews and conversations, however, Defendant consistently revealed fixed and delusional content regarding his belief that he was being monitored by federal law enforcement agencies. (Id.).

10. Defendant was seen by medical staff and received a comprehensive physical examination and treatment, however, he was not prescribed any psychiatric

AO 72A
(Rev.8/82)

medication, and no medical findings with implications for competency were reported. (Id.).

11. Dr. Campbell administered Defendant the Minnesota Multiphasic Personality Inventory, Second Edition, ("MMPI-2") test on April 3, 2019. (Doc. 26-1, at 4). Validity indicators on the MMPI-2 suggested Defendant attempted to present himself in an overly positive light and in a moralistic and unrealistically virtuous manner. (Id.). According to Dr. Campbell, while Defendant's clinical scores were all within the normal range, Defendant acknowledged some personality characteristics, such as mistrust, suspiciousness, and over sensitivity which make him somewhat vulnerable under stress. (Id.). Defendant's written responses were consistent with his performance on the MMPI-2 and reflect a highly guarded, suspicious view of his current legal situation. (Id.). Due to Defendant's expressed, fixed delusional belief system, Dr. Campbell noted Defendant's ability to rationally assist his attorney in preparing his defense appears to be impaired. (Id.).

12. Dr. Campbell diagnosed Defendant with Schizophrenic Disorder, Bipolar Type based on his consistent presentation with grandiose delusional beliefs, which have persisted over a lengthy period of time. (Doc. 26-1, at 7).

13. In her evaluation, Dr. Campbell observed that while Defendant was cooperative in interviews with her about his case, Defendant's delusional belief system and hypomanic state make it difficult for him to work with his attorney and make rational, reality based decisions. (Doc. 26-1, at 8).

14. Dr. Campbell specifically noted that Defendant conveyed an unrealistic appreciation of the seriousness of his legal situation. (Doc. 26-1, at 8).

15. Although Defendant displayed a basic understanding of the proceedings against him, Dr. Campbell opined that his delusional thinking may interfere with his ability to make rational, reality-based decisions regarding how his case should be handled; and his ability to discuss his case rationally with his attorney is likely impaired by his fixed delusional paranoid beliefs, which may interfere with his ability to think clearly about charges against him. (Id.).

16. Dr. Campbell also opined that Defendant **is** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he **is** unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Id.).

17. Dr. Campbell further opined that Defendant **is not** currently competent to stand trial.[1] (Id.).

Taking into consideration Dr. Campbell's opinion and recommendation, and the totality of the evidence, this Court finds that a preponderance of the evidence supports the conclusion that Defendant is not competent to proceed with this case at this time.

### HOSPITALIZATION FOR FURTHER EVALUATION

Based on the Court's finding, the undersigned notes that 18 U.S.C. § 4241(d) and Eleventh Circuit authority, United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990), require that if the Court finds Defendant incompetent to proceed, then the

---

[1] The Court notes that Defendant does not agree with the opinions provided in Dr. Campbell's evaluation regarding his competency.

Defendant must be committed to the Attorney General for further evaluation.[2] Accordingly, the undersigned **RECOMMENDS** that in accordance with § 4241(d)(1), Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to allow for an assessment of "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). Ultimately, the Court will decide whether Defendant has a substantial probability of attaining competency within a reasonable period of time. See id. If the Court determines that such a substantial probability exists, commitment for the purpose of attaining competency also is circumscribed by a reasonable period of time, not to exceed four months. 18 U.S.C. § 4241(d)(1), (d)(2).

## CONCLUSION

For reasons discussed above, the undersigned **RECOMMENDS** that Defendant Dunahoo be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation.

---

[2] The undersigned notes that Dr. Campbell also indicated that should Defendant be found incompetent to stand trial, there is a substantial probability that he will attain the capacity to permit a trial to proceed in the foreseeable future if he is recommended for treatment under the provisions of Title 18, United States Code, Section 4241(d), and she recommended that Defendant be committed to such treatment. (Doc. 26-1, at 8). For these additional reasons, this Court also recommends that Defendant be committed to the Attorney General for further evaluation.

7

**IT IS SO REPORTED AND RECOMMENDED** this the   3   day of July,  2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE