# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STAES OF AMERICA, | |
| Plaintiff, | INDICTMENT NO: |
| v. | 1:18-cr-00454-WMR-LTW |
| MITCHELL DUNAHOO, | |
| Defendant. | |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 30] recommending the Defendant be found NOT COMPETENT to stand trial and be committed to the Attorney General for further psychological evaluation. After consideration of the R&R, together with the objections and response thereto [Docs. 32, 32-1, and 33], the Court finds and rules as follows.

### I. PROCEDURAL BACKGROUND

On March 4, 2019, the Magistrate Judge held a hearing on the Government's motion for a mental health evaluation of Defendant. (Doc. 18) After receiving evidence and argument from the parties, the Magistrate Judge granted the Government's motion and ordered Defendant to undergo a mental health evaluation to determine whether he is competent to stand trial in this case. (Doc. 22)

In accordance with the Magistrate Judge's order, a forensic psychologist, Dr. Judith Campbell, evaluated Defendant and issued a written report detailing her medical opinion of Defendant's competency. (Doc. 26-1, filed under seal). Based on her evaluation and findings, Dr. Campbell primarily diagnosed Defendant as having Schizoaffective Disorder, Bipolar Type. (Id.) Dr. Campbell further opined that Defendant's mental condition rendered him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, Dr. Campbell concluded that Defendant is not currently competent to stand trial. (Id.)

Following the receipt of Dr. Campbell's Forensic Report and a status conference regarding Defendant's competency (Doc. 24), the Magistrate Judge issued its R&R (Doc. 30), to which Defendant has filed factual and legal objections. (Docs. 32 and 32-1)

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the R&R for clear error if no objections are filed by either party within 14 days after service. If a party does file objections, the Court must determine de novo any part of the findings and conclusions of the R&R that is the subject of a proper objection. *Id*; Fed. R. Civ. P. 72(b).

III. <u>DISCUSSION</u>

1. Defendant objects to the Magistrate Judge's factual finding that Dr. Campbell diagnosed Defendant with Schizophrenic Disorder, Bipolar Type. (See Doc. 30, p. 5 at ¶ 12)  Upon review of the evidence, the Court finds that Dr. Campbell's Forensic Report indicates that she diagnosed Defendant with Schizoaffective Disorder, Bipolar Type. (Doc. 26-1, Forensic Report at p. 6) Accordingly, the Court's Order shall reflect the correct diagnosis of Schizoaffective Disorder, Bipolar Type.

2. Defendant objects to the portion of the R&R which recommends that Defendant be committed to the Attorney General for "further evaluation." (See Doc. 30, at pp. 1 and 7)  Pursuant to 18 U.S.C. §4241(d)(1), a defendant who is found to be incompetent is to be committed to the custody of the Attorney General who "shall hospitalize the defendant *for treatment* at a suitable facility" in order "to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward[.]" (Emphasis supplied.)  Therefore, the Court's Order shall reflect that Defendant is to be committed to the Attorney General for "further treatment" as set forth in §4241(d).

3. As an Exhibit to Defendant's objections to the R&R, defense counsel attached a copy of Defendant's personal objection to the Magistrate Judge's

3

conclusion that Defendant is incompetent to stand trial. (Doc. 32-1) In this objection, Defendant makes rambling, non-sensical arguments and assertions in an attempt to support his beliefs that he is not mentally ill and that he is being stalked and harassed by the CIA and/or other governmental agencies. (Id.) The Court finds that these very beliefs, and the facts he asserts in an attempt to support them, lends even more credence to Dr. Campbell's conclusion that Defendant has a "grandiose delusional belief system" (Doc. 26-1, Forensic Report at p. 7) and that his "ability to discuss his case rationally with his attorney is likely impaired by his fixed delusional beliefs, which may interfere with his ability to think clearly about the charges against him." (Id. at p. 8) The Court finds that the evidence is more than sufficient to support the recommendation that Defendant be deemed incompetent to stand trial at this time.

## IV. CONCLUSION

After considering the Magistrate Judge's R&R Report and Recommendation [Doc. 30], Defendant's objections [Docs. 32 and 32-1], and the Government's response [Doc. 33], the Court receives the R&R with approval and adopts its findings and legal conclusions as the opinion of this Court, WITH THE FOLLOWING EXCEPTIONS.

- The Court finds that Dr. Campbell diagnosed Defendant with Schizoaffective Disorder, Bipolar Type; and

- Defendant shall be committed to the Attorney General for treatment.

4

For the above reasons, IT IS HEREBY ORDERED that Defend is found to be **INCOMPETENT TO STAND TRIAL**, and that Defendant is **COMMITTED** to the custody of the Attorney General for treatment pursuant to 18 U.S.C. §4241(d)(1).

IT IS SO ORDERED, this 2nd day of August, 2019.

*/s/ William M. Ray, II*
_____
WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia